**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

**KATON LAW**
Glenn Katon (SBN 281841)
gkaton@katon.law
385 Grand Ave., Suite 200
Oakland, CA 94610
Tel: (510) 463-3350

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN VALDEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF LATHROP; NATHANAEL NOVELLO; SANTINO SOYANGCO; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | **Case No.**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment, Excessive Force (42 U.S.C. § 1983)<br>2. Municipal Liability, Failure to Train (42 U.S.C. § 1983)<br>3. Municipal Liability, Ratification (42 U.S.C. § 1983)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JUAN VALDEZ, for his Complaint against Defendants CITY OF LATHROP, NATHANAEL NOVELLO, SANTINO SOYANGCO, and DOES 1 through 10, inclusive (collectively, "Defendants"), hereby alleges as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution in connection with the police shooting of Plaintiff on January 27, 2024, which caused Plaintiff serious bodily injury and substantial pain and suffering.

2. The shooting of Plaintiff and his resulting injuries were a result of Defendant NATHANIEL NOVELLO's excessive use of deadly force, Defendant SANTINO SOYANGCO's striking Plaintiff in the head with his police vehicle after Plaintiff was incapacitated, as well as Defendant CITY OF LATHROP's failure to appropriately train its officers on fundamental principles and rules governing their use of deadly force against members of the public.

3. Accordingly, Plaintiff herein seeks by means of this civil rights action to hold accountable those responsible for his shooting and injuries, and to challenge the unconstitutional practices of Defendant CITY OF LATHROP.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this district and because, on information and belief, all Defendants reside in this district.

## PARTIES

6. At all relevant times, Plaintiff JUAN VALDEZ ("Plaintiff") was an individual residing in the County of San Joaquin, California.

7.     At all relevant times, Defendant CITY OF LATHROP ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Lathrop Police Department ("LPD" or "Police Department") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the CITY and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of some or all of Defendants NATHANAEL NOVELLO, SANTINO SOYANGCO, and DOES 1-10.

8.     At all relevant times, Defendant NATHANAEL NOVELLO was a police officer employed by the CITY and the LPD, acting under color of law within the course and scope of his duties and office as a peace officer for the CITY. At all relevant times, Defendant NOVELLO was a duly authorized employee and/or agent of CITY, subject to oversight and supervision by CITY's elected and non-elected officials. At all relevant times, Defendant NOVELLO was acting with the complete authority and ratification of his principal, CITY. Defendant NOVELLO is sued in his individual capacity.

9.     At all relevant times, Defendant SANTINO SOYANGCO was a police officer employed by the CITY and the LPD, acting under color of law within the course and scope of his duties and office as a peace officer for the CITY. At all relevant times, Defendant SOYANGCO was a duly authorized employee and/or agent of CITY, subject to oversight and supervision by CITY's elected and non-elected officials. At all relevant times, Defendant SOYANGCO was acting with the complete authority and ratification of his principal, CITY. Defendant SOYANGCO is sued in his individual capacity.

10.    Defendants DOES 1-10 are police officers, including for the CITY's

Police Department ("DOE OFFICERS"). At all relevant times, DOE OFFICERS were acting under color of law within the course and scope of their duties as officers for the Police Department and/or other law enforcement agencies; and were acting with the complete authority and ratification of their principal(s), including Defendant CITY.

11. On information and belief, Defendants NOVELLO, SOYANGCO, and DOES 1-10 were residents of the County of San Joaquin, California, at all relevant times.

12. In doing the acts, failings, and/or omissions as hereinafter described, Defendants DOE OFFICERS were acting on the implied and actual permission and consent of Defendant CITY.

13. The true names and capacities of Defendant DOES 1-10 are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this compliant to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

14. Defendants DOES 1-10 are sued in their individual capacities.

15. At all times mentioned herein, each and every Defendant, including DOES 1-10, was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

16. All of the acts complained of herein by Plaintiff against Defendants, including DOES 1-10, were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting with the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained herein.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

17. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

18. On January 27, 2024, Plaintiff was driving on the highway in the area of Lathrop, California, when his vehicle became incapacitated due to a collision, and Plaintiff exited the vehicle.

19. Shortly thereafter, while Plaintiff was standing outside of a vehicle stopped near the shoulder of the highway, Defendant NOVELLO drove his police vehicle into Plaintiff, striking him.

20. When Plaintiff then rounded the front of the stopped vehicle he was near, Defendant NOVELLO exited his police vehicle, also rounded the front of the stopped vehicle to approach Plaintiff, and shot Plaintiff twice.

21. At the time of the shooting, Plaintiff posed no immediate threat of death or serious physical injury to Defendants or any other person.

22. At the time of the shooting, Plaintiff was visibly unarmed, had made no aggressive movements, had not brandished or aimed any weapon toward anyone, had not moved toward Defendants in any manner, and did not make any furtive movements that would suggest to a reasonable officer that Plaintiff was attempting or intending to inflict harm to Defendants or anyone else.

23. At no time during the encounter did Plaintiff verbally threaten to harm anyone.

24. Prior to shooting Plaintiff, Defendant NOVELLO did not issue any commands to Plaintiff, nor did he warn Plaintiff that he would shoot Plaintiff if Plaintiff failed to comply with a command that had been issued.

25. Defendant NOVELLO did not employ tactics to de-escalate the situation, and failed to give Plaintiff the opportunity to consent to and cooperate with instructions or commands, as none had been given.

26. Plaintiff did not pose an immediate threat to anyone at the time Defendant NOVELLO shot him. On information and belief, NOVELLO had alternate means of neutralizing and/or effectuating the seizure of Plaintiff available, including through any of a variety of readily available less-than-lethal means or strategies. The use of deadly force by Defendant NOVELLO, was unnecessary, excessive, and unreasonable under the totality of the circumstances.

27. Defendant NOVELLO shot Plaintiff even though Plaintiff did not pose an immediate threat of death or serious bodily injury to him or anyone else and there were other less lethal options available. Defendant NOVELLO did not show a reverance for human life, and this was not an immediate defense of life situation.

28. Upon being shot by Defendant NOVELLO, Plaintiff fell to the ground.

29. Meanwhile, Defendant SOYANGCO was driving his own police vehicle toward Plaintiff and, when Plaintiff fell to the ground, with his head toward SOYANGCO's vehicle, SOYANGCO's vehicle struck Plaintiff in the head.

30. Plaintiff did not pose any threat to anyone at the time Defendant SOYANGCO struck him with his vehicle. Plaintiff had already been incapacitated, having been shot by Defendant NOVELLO and having fallen to the ground.

31. Defendant SOYANGCO's use of force against Plaintiff was unnecessary, excessive, and unreasonable under the totality of the circumstances.

32. Plaintiff sustained significant injuries, causing pain, suffering, and disfigurement, among other things, caused by Defendants NOVELLO and SOYANGCO using excessive and unreasonable force when they shot Plaintiff twice and struck him in the head with their police vehicles.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure - Excessive Force (42 U.S.C. § 1983)**

**Plaintiff against Defendants NOVELLO, SOYANGCO, and DOES 1-10**

33. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth

herein.

34. Defendant NOVELLO's initial use of force against Plaintiff was excessive and unreasonable under the circumstances. At the time Defendant NOVELLO struck Plaintiff with his police vehicle, Plaintiff did not pose an immediate threat of harm to anyone and was unarmed.

35. Defendant NOVELLO's subsequent use of deadly force against Plaintiff was excessive and unreasonable under the circumstances. Plaintiff did not pose an immediate threat of harm to anyone, much less an immediate threat of death or serious bodily harm, at the time Defendant NOVELLO shot him twice.

36. Defendant SOYANGCO's use of force against Plaintiff was excessive and unreasonable under the circumstances. At the time Defendant SOYANGCO struck Plaintiff with his police vehicle, Plaintiff had already fallen to the ground, having been shot twice, and did not pose an immediate threat of harm to anyone.

37. The unreasonable uses of force by Defendants NOVELLO, SOYANGCO, and DOES 1-10 deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

38. As a result, Plaintiff suffered extreme pain and suffering and great bodily injury.

39. As a result of the conduct of Defendants NOVELLO, SOYANGCO, and DOES 1-10, they are liable for Plaintiff's injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

40. The conduct of Defendants NOVELLO, SOYANGCO, and DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to these Defendants.

41. As a result of their violations of Plaintiff's Fourth Amendment rights, Defendants NOVELLO, SOYANGCO, and DOES 1-10 are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, including for past and future pain and suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, and humiliation; and past and future medical expenses.

42. Plaintiff also seeks attorney's fees and costs under this claim.

## SECOND CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

### By Plaintiff against Defendant CITY OF LATHROP

43. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

44. Defendants NOVELLO, SOYANGCO, and DOES 1-10 acted under color of law. The acts of said Defendants deprived Plaintiff of his particular rights under the United States Constitution.

45. The training policies of Defendant CITY were not adequate to train its police officers to handle the usual and recurring situations with which they must deal.

46. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

47. The negligent and unjustified use of force by Defendants NOVELLO, SOYANGCO, and DOES 1-10 was a result of the negligent training by the Defendant CITY, who failed to train CITY police officers as to proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. Defendant CITY was responsible for the training of CITY officers to ensure that the actions, procedures, and practices of said Defendants complied with Peace Officer Standards and Training (POST) training standards regarding proper police tactics, and proper use of deadly force.

48. Defendant CITY improperly failed to train its police officers to comply

with POST training standards regarding proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. POST was established by the California Legislature in 1959 to set minimum training standards for California police officers. The training policies of Defendant CITY were not adequate to train its police officers to handle the usual and recurring situations with residents that said Defendants have contact with.

49. The training policies of Defendant CITY were deficient in the following ways:

    a. Defendant CITY failed to properly train CITY police officers, so that officers do not escalate their interactions with members of the public and do not overreact and resort to use of deadly force when the use of force was not necessary.

    b. Defendant CITY failed to properly train CITY police officers, such as Defendants NOVELLO, SOYANGCO, and DOES 1-10, in proper police tactics, such as situational awareness so that police officers do not utilize improper tactics. Because of this lack of proper training by the CITY, the Defendants NOVELLO, SOYANGCO, and DOES 1-10 did not use proper police tactics in handling of the contact with Plaintiff, and instead used defective police tactics, including the lack of situational awareness by the said Defendants. These defective tactics resulted in significant injury to Plaintiff.

    c. Defendant CITY failed to properly train CITY police officers, such as Defendants NOVELLO, SOYANGCO, and DOES 1-10, in the use of effective communication prior to using force. Because of the lack of proper training by the CITY, said Defendants did not use effective communication prior to and during the use of force against Plaintiff. The ineffective

communication of information by said Defendants prior to, and during the incident, resulted in significant injury to Plaintiff.

49. The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiff's rights by said Defendants; that is, Defendant CITY's failure to train is so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

50. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

51. Accordingly, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

50. By reason of the aforementioned acts and omissions of Defendant CITY, Plaintiff has suffered significant pain and suffering, great bodily injury, embarrassment, and humiliation.

51. As a result of its violation of Plaintiff's rights, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, including for past and future pain and suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, and humiliation; and past and future medical expenses.

52. Plaintiff also seeks statutory attorney fees and costs under this claim.

### THIRD CLAIM FOR RELIEF
### Municipal Liability – Ratification (42 U.S.C. § 1983)
### By Plaintiff against Defendant CITY OF LATHROP

53. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

54. Defendants NOVELLO, SOYANGCO, and DOES 1-10 acted under color of law. The acts of said Defendants deprived Plaintiff of his particular rights under the United States Constitution.

55. On information and belief, a final policymaker for the CITY, acting under color of law, who had final policymaking authority concerning the acts of Defendants NOVELLO, SOYANGCO, and DOES 1-10, ratified these Defendants' acts and the bases for them. The final policymaker knew of and specifically approved of these Defendants' acts.

56. On information and belief, a final policymaker determined that the acts of Defendants NOVELLO, SOYANGCO, and DOES 1-10 were "within policy."

57. Accordingly, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

58. By reason of the aforementioned acts and omissions of Defendant CITY, Plaintiff has suffered significant pain and suffering, great bodily injury, embarrassment, and humiliation.

59. Accordingly, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

60. As a result of its violation of Plaintiff's rights, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983, including for past and future pain and suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, and humiliation; and past and future medical expenses.

61. Plaintiff also seeks statutory attorney fees and costs under this claim.

/ / /

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JUAN VALDEZ requests entry of judgment in his favor and against Defendants NATHANAEL NOVELLO, SANTINO SOYANGCO, CITY OF LATHROP, and DOES 1-10, inclusive, as follows:

A. For compensatory damages under federal law, in an amount to be proven at trial;

B. For other general damages in an amount according to proof at trial;

C. For other non-economic damages in an amount according to proof at trial;

D. For other special damages in an amount according to proof at trial;

E. For punitive damages against the individual defendants in an amount to be proven at trial;

F. Attorney's fees pursuant to 42 U.S.C. § 1988;

G. For interest;

H. For reasonable costs of this suit; and

I. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: December 10, 2025			**LAW OFFICES OF DALE K. GALIPO**

By: _/s/ Dale K. Galipo_
DALE K. GALIPO
BENJAMIN S. LEVINE
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff named herein hereby demands a trial by jury.

DATED: December 10, 2025                **LAW OFFICES OF DALE K. GALIPO**

By:      */s/ Dale K. Galipo*
DALE K. GALIPO
BENJAMIN S. LEVINE
Attorneys for Plaintiff